IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02220-GPG

ERNIE L. CALBART,

     Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
PHYSICIAN HEALTH PARTNERS, and
TRISHA KAUTZ, R.N.,

     Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Ernie L. Calbart, is in the custody of the Colorado Department of

Corrections (CDOC) at the Correctional Facility in Sterling, Colorado.   Mr. Calbart has

filed a Prisoner Complaint, pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983, claiming

that he is being denied adequate medical care, in violation of the Constitution.   He has

been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court must construe the Complaint liberally because Mr. Calbart is not

represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.

Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not act as an

advocate for *pro se* litigants.   *See Hall*, 935 F.2d at 1110.   The Court has reviewed the

complaint and has determined that it is deficient.   For the reasons discussed below, Mr.

Calbart will be ordered to file an amended complaint.

Plaintiff alleges in the Complaint that he received a knee replacement for his left

knee in August 2012 and one for his right knee in July 2013.   In April 2015, Mr. Calbart

learned that the replacements were subject to a manufacturer's recall.   After Plaintiff

informed the medical department about the recall, an x-ray was taken of his knees in July

2015.   The x-rays revealed that the implant in his right knee is loose.   Thereafter,

Defendant Kautz, a nurse practitioner, submitted a request for Mr. Calbart to be referred

to an outside orthopedic specialist for evaluation.   However, Defendant Physician Health

Partners (PHP) denied the requested authorization.   Plaintiff states that the loose

implant has caused him to fall down three times and that he is unable to bear weight on

his leg. He contends that neither the CDOC, nor PHP, is providing him appropriate

medical care, and that Defendant Kautz took his walker away on September 4, 2015. Mr.

Calbart claims that the Defendants have acted with deliberate indifference to his serious

medical needs.   He requests injunctive and monetary relief.

        The Prisoner Complaint is deficient because the § 1983 claims against Defendant

CDOC are barred by the Eleventh Amendment.   Eleventh Amendment immunity extends

to states and state agencies deemed "arms of the state" that have not waived their

immunity, regardless of the relief sought. *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507

F.3d 1250, 1252–53 (10th Cir. 2007).   The CDOC is entitled to Eleventh Amendment

immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988).   Congress

did not abrogate Eleventh Amendment immunity through Section 1983.   *See Quern v.

Jordan*, 440 U.S. 332, 345 (1979).   Accordingly, the CDOC is an improper party to this

action.

        The Complaint is also deficient because Mr. Calbart fails to state an arguable claim

for relief against Defendant PHP.[1] "'The established principles of municipal liability have been found to apply to § 1983 claims brought against private corporations like [proposed] Defendant PHP.'" *Ortiz v. Falk*, No. 13-cv-00612-PAB-MJW, 2014 WL 984933, at *10 (D. Colo. March 13, 2014) (quoting *Rhodes v. Physician Health Partners (PHP)*, No. 09-cv-482-REB-KLM, 2010 WL 728213, at *5 (D. Colo. Feb. 24, 2010)).   "Therefore, according to the principles of municipal liability, a private actor such as PHP 'cannot be held liable solely because it employs a tortfeasor-or, in other words . . . cannot be held liable under § 1983 on a respondeat superior theory.'" *Id.* (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)).   Instead, Plaintiff must allege facts to show that Defendant PHP directly caused the constitutional violation by instituting an official policy or custom that was the "moving force" behind the constitutional violation.   *Monell*, 436 U.S. at 694-95; *see also* City *of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents.   *See Monell*, 436 U.S. at 694.   In the Complaint, Mr. Calbart does not allege that a policy or custom of PHP caused the alleged deprivation of adequate medical care.

And, finally, the Complaint is deficient because Mr. Calbart does not allege enough facts to show an arguable violation of his Eighth Amendment rights by Defendant Kautz. The Eighth Amendment is violated when a prison medical provider acts with deliberate indifference to an inmate's serious medical needs.   *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quotations omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976) (prison officials may not be deliberately indifferent to the serious medical needs of

---

[1]PHP, a private entity, which does business under the name "Correctional Health Partners," contracts with the CDOC to manage the referral and approval of medical care by outside specialists, somewhat in the nature of managed health care outside the prison environment.   *See Self v. Milyard*, No. 11-cv-00813-RBJ-CBS, 2012 WL 3704958, at *3 (D. Colo. July 31, 2012).

inmates in their custody).   Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.   A disagreement about medical care or medical negligence does not violate the Eighth Amendment. *Estelle*, 429 U.S. at 107.   Mr. Calbart's allegation that Defendant Kautz requested authorization for Plaintiff to see an outside orthopedic specialist tends to show that she was attempting to facilitate medical care for him – not that she was deliberately indifferent to his serious medical needs.

Further, Mr. Calbart's conclusory allegation that Defendant Kautz took away his walker, and has failed to provide him medical care, are too vague to support a claim for relief under § 1983 for deprivation of his constitutional rights.   A *pro se* litigant's vague and conclusory allegations that his federal constitutional rights have been violated do not entitle him to a day in court regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.   Accordingly, it is

ORDERED that Plaintiff file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order.   It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this order within the time allowed, the Court may dismiss some or all of this

4

action without further notice for the reasons discussed above.

DATED October 20, 2015, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge