IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02220-GPG

ERNIE L. CALBART,

      Plaintiff,

v.

RICK RAEMISCH, Department of Corrections Director, In Her Official and Individual
      Capacities,
PHYSICIAN HEALTH PARTNERS, and
TRISHA KAUTZ, N.P., In Her Official and Individual Capacities,

      Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE

---

Plaintiff, Ernie L. Calbart, is in the custody of the Colorado Department of

Corrections (CDOC) at the Correctional Facility in Sterling, Colorado.   Mr. Calbart has

filed a Prisoner Complaint, pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983, claiming

that he is being denied adequate medical care, in violation of the Constitution.

On October 20, 2015, Magistrate Judge Gordon P. Gallagher reviewed the

Complaint and determined that it was deficient because the § 1983 claim against the

CDOC was barred by the Eleventh Amendment; Plaintiff failed to state an arguable claim

for relief against Defendant Physician Health Partners (PHP); and, Mr. Calbart did not

allege specific facts to show an arguable violation of his Eighth Amendment rights by

Defendant Kautz.   (ECF No. 5).   Consequently, Magistrate Judge Gallagher directed

Mr. Calbart to file an Amended Complaint, on the court-approved Prisoner Complaint

form, within 30 days.   (*Id.*).

After requesting and obtaining an extension of time, Mr. Calbart filed his Amended

Complaint on December 9, 2015.   (ECF No. 12).

Mr. Calbart has been granted leave to proceed pursuant to the *in forma pauperis*

statute, 28 U.S.C. § 1915.   Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the

action if Plaintiff's claims are frivolous or malicious.   A legally frivolous claim is one in

which the plaintiff asserts the violation of a legal interest that clearly does not exist or

asserts facts that do not support an arguable claim.   *See Neitzke v. Williams*, 490 U.S.

319, 327-28 (1989).   Subsection (e)(2)(B)(iii) of § 1915 requires a court to dismiss at any

time an action that seeks monetary relief against a defendant who is immune from such

relief.

The Court must construe the Complaint liberally because Mr. Calbart is not

represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.

Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not act as an

advocate for *pro se* litigants.   *See Hall*, 935 F.2d at 1110.   The Court has reviewed the

complaint and has determined that it is deficient.   For the reasons discussed below, this

action will be dismissed, in part, and the remainder drawn to a presiding judge.

## I.  The Amended Complaint

Plaintiff alleges in the Amended Complaint that he received "Zimmer Next Gen.

Knee Implants" on August 23, 2012 and July 1, 2013, while he was in the custody of the

CDOC.   (ECF No. 12 at 3).   In May 2015, Mr. Calbart learned that the knee implants had

been recalled by the manufacturer.   After Plaintiff informed the medical department

about the recall, x-rays were taken of his knees in July 2015, which revealed that the

implant in his right knee is loose.   Thereafter, Defendant Kautz, a nurse practitioner,

submitted a request to Defendant Physician Health Partners (PHP) for Mr. Calbart to be

referred to an outside orthopedic specialist for evaluation.   PHP denied the request.

Plaintiff states that the loose implant has caused him to fall down three times and that he

is unable to bear weight on his leg. He contends that neither the CDOC, nor PHP, is

providing him appropriate medical care.   Plaintiff further alleges that Defendant Kautz

"took away" his ice permit to alleviate the swelling in his knee, and removed his cane and

walker, causing him to fall several times and injure himself "badly."   (*Id.* at 3).   Mr.

Calbart states that Defendant Kautz "remove[d] his ADA accommodation" knowing that

he is disabled in both knees, his left hip and his left ankle, and cannot walk without the

assistance of a cane or walker. (*Id.* at 5).   He alleges that he is being treated with pain

medication only.   Mr. Calbart claims that the Defendants have acted with deliberate

indifference to his serious medical needs.   He requests injunctive and monetary relief.

## II.   Analysis

## A.   Eleventh Amendment

The § 1983 claims for damages against Defendants Raemisch and Kautz, in their

official capacities, are construed as claims asserted against the State of Colorado, s*ee*

*Hafer v. Melo*, 502 U.S. 21, 25 (1991), and are barred by the Eleventh Amendment.   *See*

*Kentucky v. Graham*, 473 U.S. 159, 169-70 (1985).   However, to the extent the Amended

Complaint asserts a cognizable claim for relief under § 1983, Plaintiff is not precluded

from seeking prospective injunctive relief against the individual Defendants in their official

capacities.   *See Ex Parte Young*, 209 U.S. 123 (1908); *see also Branson Sch. Dist. RE–*

*82 v. Romer*, 161 F.3d 619, 631 (10th Cir.1998) ("[A] suit against a state official in his or

her official capacity seeking prospective injunctive relief is not . . . against the state for

Eleventh Amendment purposes.").

## B.  Defendant PHP

Mr. Calbart fails to state an arguable claim for relief against Defendant PHP.[1] .

"'The established principles of municipal liability have been found to apply to § 1983

claims brought against private corporations like [proposed] Defendant PHP.'" *Ortiz v.

Falk*, No. 13-cv-00612-PAB-MJW, 2014 WL 984933, at *10 (D. Colo. March 13, 2014)

(quoting *Rhodes v. Physician Health Partners (PHP)*, No. 09-cv-482-REB-KLM, 2010 WL

728213, at *5 (D. Colo. Feb. 24, 2010)).   Mr. Calbart was warned in the October 20 Order

that, " according to the principles of municipal liability, a private actor such as PHP 'cannot

be held liable solely because it employs a tortfeasor-or, in other words . . . cannot be held

liable under § 1983 on a respondeat superior theory.'" *Id.* (quoting *Monell v. Dep't of

Social Servs.*, 436 U.S. 658, 691 (1978)).   Instead, Plaintiff must allege facts to show that

Defendant PHP directly caused the constitutional violation by instituting an official policy

or custom that was the "moving force" behind the constitutional violation.   *Monell*, 436

U.S. at 694-95; *see also Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1216 & n. 13 (10th

Cir.2003) (listing cases finding that the *Monell* doctrine extends to private defendants

sued pursuant to § 1983).   Plaintiff cannot state a claim for relief under § 1983 merely by

pointing to isolated incidents.   *See Monell*, 436 U.S. at 694.

In the Complaint, Mr. Calbart does not allege that a policy or custom of PHP

caused the alleged deprivation of adequate medical care. Instead, he asserts only that

PHP denied a Sterling Correctional Facility medical provider's request for authorization

---

[1]PHP, a private entity, which does business under the name "Correctional Health Partners," contracts with the CDOC to manage the referral and approval of medical care by outside specialists, somewhat in the nature of managed health care outside the prison environment.   *See Self v. Milyard*, No. 11-cv-00813-RBJ-CBS, 2012 WL 3704958, at *3 (D. Colo. July 31, 2012).

for Plaintiff to see an outside orthopedic specialist for evaluation. As such, the Court finds

that Defendant PHP is an improper party to this action and will be dismissed.

**C.   Personal Participation of Defendant Raemisch**

Mr. Calbart fails to allege specific facts to show Defendant Raemisch's personal

participation in the alleged Eighth Amendment violations.

Personal participation is an essential element in a civil rights action. *See Bennett v.*

*Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166

(1985).   There must be an affirmative link between the alleged constitutional violation

and each defendant's participation, control or direction, or failure to supervise.   *See*

*Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v.*

*Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may

be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts

by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–

showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*,

423 U.S. 362, 371 (1976)).   A supervisor defendant is not subject to liability under § 1983

on a theory of respondeat superior.   *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Mr. Calbart indicates in the Amended Complaint that he is suing Defendant

Raemisch because of his supervisor authority, as Executive Director of the CDOC.

Plaintiff alleges that Defendant Raemisch knew about the recalled knee implants

because of Plaitniff's grievance filings, but failed to take any remedial action.   (ECF No.

12 at 2).   However, Plaintiff's allegations are insufficient to show that Defendant

Raemisch was personally involved in decisions concerning Plaintiff's medical care, or the

confiscation of his cane and walker.   Furthermore, the "denial of a grievance, by itself

without any connection to the violation of constitutional rights alleged by plaintiff, does not

establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069

(10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th

Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is

insufficient to establish personal participation in the alleged constitutional violations.")

(internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No.

02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending

"correspondence [to high-ranking prison official] outlining [a] complaint . . . without more,

does not sufficiently implicate the [supervisory official] under § 1983").   Accordingly,

Defendant Raemisch is an improper party to this action and will be dismissed.

The Court will not address at this time the merits of the Eighth Amendment claim

against Defendant Trisha Kautz, for confiscating Plaintiff's cane and walker.   Instead, the

action will be drawn to a presiding judge and, if applicable, to a magistrate judge.   *See*

D.C.COLO.LCivR 8.1(c).   Accordingly, it is

ORDERED that the claims asserted against Defendants Rick Raemisch and

Trisha Kautz, sued in their official capacities for monetary relief, are DISMISSED

WITHOUT PREJUDICE as barred by Eleventh Amendment immunity.   It is

FURTHER ORDERED that the Eighth Amendment claim against Defendant Rick

Raemisch, in his individual capacity, is DISMISSED for failure to allege his personal

participation in a deprivation of Plaintiff's constitutional rights.   It is

FURTHER ORDERED that the Eighth Amendment claim against Defendant

Physician Health Partners is dismissed for failure to state an arguable claim against the

Defendant under § 1983.   It is

FURTHER ORDERED that Plaintiff's Eighth Amendment claim against Defendant

Kautz , in her individual capacity, shall be drawn to a presiding judge and, if appropriate,

to a magistrate judge, pursuant to D.C.COLO.LCivR 40.1(a).

DATED December 16, 2015, at Denver, Colorado.

BY THE COURT:


s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Judge