IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02220-MJW

ERNIE L CALBERT,

Plaintiff,

v.

TRISHA KAUTZ, N.P., In Her Individual Capacity,

Defendant.

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

     This matter is before the Court on four filings submitted by Plaintiff (Docket Nos. 21, 23, 26 & 27.)

     First, Plaintiff's Motion to Amend Compensatory and Punitive Damages (Docket No. 21) appears to seek leave of the Court to amend Plaintiff's request for relief in his Amended Complaint (Docket No. 12). This motion does not comply with D.C.COLO.LCiv R 15.1, which requires that a motion to amend a complaint filed pursuant to Fed. R. Civ. P. 15 include as an attachment the proposed second amended complaint. Plaintiff cannot amend portions of his Amended Complaint without filing a motion requesting permission to amend that attaches a proposed second amended complaint reflecting those changes. The proposed second amended complaint must include all allegations against all defendants, all claims, and all requests for relief. Accordingly, it is hereby ORDERED that Plaintiff's Motion to Amend Compensatory and Punitive Damages (Docket No. 21) is DENIED without prejudice.

     Second, Plaintiff's Motion Requesting to be Move[d] to a Medical Facility (Docket No. 23) asks that the Court order Plaintiff be moved to a different facility where he believes he will receive better medical care. In short, Plaintiff is seeking a preliminary injunction. To succeed on a motion for a preliminary injunction under Fed.R.Civ.P. 65, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "[B]ecause a

preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)) (internal quotations omitted). Granting such "drastic relief," *United States ex. rel. Citizen Band Potawatomi Indian Tribe of Okla. v. Enter Mgmt. Consultants, Inc.*, 883 F.2d 886, 888-89 (10th Cir. 1989), "is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984). Plaintiff's one-page motion simply notes that he submitted many medical requests and has not received responses. His unsubstantiated allegations do not meet the standard for a preliminary injunction. As a result, it is hereby ORDERED that Plaintiff's Motion Requesting to be Move[d] to a Medical Facility (Docket No. 23) is DENIED without prejudice.

Third, a document titled "Plaintiff['s] 1st Request for Production of Documents" (Docket No. 26) was docketed as a motion. However, this is a discovery request directed at Defendant, not a motion. Accordingly, to the extent that the Court must rule on the document, it is hereby ORDERED that Plaintiff['s] 1st Request for Production of Documents (Docket No. 26) is DENIED.

Fourth, Plaintiff's Motion to be Examin[d] by a[n] Outside Provider (Docket No. 27) was filed on January 4, 2016 and states: Sterling Medical Dept. has a[n] appointment in Jan 16 to see the Defendant Kautz N.P. to determine if I have mobility disability this is a conflict of interest." (Docket No. 27 at 1.) Pursuant to Fed. R. Civ. P. 6, a motion is a "request for a court order . . . ." This document is not a motion because it requests no relief. Accordingly, to the extent that the Court must rule on the document, it is hereby ORDERED that Plaintiff's Motion to be Examin[d] by a[n] Outside Provider (Docket No. 27) is DENIED.

Date: March 2, 2016